# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. **1: 12-CV-0121** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM AND ORDER**

**I.     BACKGROUND.**

On January 23, 2012, *pro se* Plaintiff Donte Milburn, an inmate at SCI-Somerset, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.). On this same date, he also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On January 30, 2012, he filed a second Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). On January 31, 2012, we granted Plaintiff's Motions for Leave to Proceed *in forma pauperis*. We also directed the Clerk of Court to issue process to the U.S. Marshal for service of Plaintiff's Complaint on Defendants. (Doc. 9). Defendants, City of York, Michael Hose, Richard Peddicord, and Jeffrey Spence, were then served with Plaintiff's Complaint.

In response to Plaintiff's Complaint, on April 2, 2012, Defendants jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 20). On June 11, 2012, Plaintiff filed a Motion for Default Judgment. (Doc. 35). Both motions were briefed by the parties.

On July 24, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 20) be denied. We also

recommended that Plaintiff's Motion for Default Judgment (Doc. 35) be denied. We further recommended that this case be remanded to the undersigned for further proceedings, including directing Defendants to file their Answer to Plaintiff's Complaint. (Doc. 40). On August 21, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 47).

On September 7, 2012, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 49). On September 10, 2012, Defendants jointly filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (Doc. 50). On September 11, 2012, we issued an Order and denied Plaintiff's Motion for Appointment of Counsel. (Doc. 52). On September 12, 2012, we issued a Scheduling Order and set the discovery deadline as November 13, 2012, and the dispostive motions deadline as January 14, 2013. (Doc. 53).

On September 18, 2012, Plaintiff filed a Motion for leave of Court to file an Amended Complaint and to have the Amended Complaint relate back to the date of the original Complaint. (**Doc. 55**). Plaintiff attached his proposed Amended Complaint with its Exhibits to his motion and he filed a support brief. (Docs. 55-1, 55-2 & 56). On October 2, 2012, Defendants filed their opposition brief to Plaintiff's motion. (Doc. 59). Plaintiff's motion is now ripe for disposition.

**II.     ALLEGATIONS OF COMPLAINT.**

In his Complaint, Plaintiff alleges that on or about August 28, 2006, at some time between 11:00 p.m. and 12:01 a.m., Juan Laboy died from gunshot wounds to his chest, and Defendants City of York police officers arrested Plaintiff in connection with Juan Laboy's death. (Doc. 1, p. 5). Plaintiff claims that his Fourth, Fifth and Fourteenth Amendment rights were

violated because Defendants' racial bias caused an intentional and malicious incomplete investigation resulting in falsified, uncorroborated and incomplete evidence and testimony against Plaintiff that ultimately led to his arrest. (Doc. 1, pp. 5-8).

The specific charges filed against Plaintiff included Criminal Homicide in the First and Second Degree under 18 Pa. C.S. § 2501(A) and (B), Robbery - Inflicting Serious Bodily Injury under 18 Pa. C.S. §3701(A)(1)(I), and 2 counts of Criminal Conspiracy under 18 Pa. C.S. § 903 (A)(1) for each other charge. (Doc. 1, p. 8). On January 11, 2010, Plaintiff was brought in front of a jury on these charges; however, the York County District Attorney halted the trial, and York County Court of Common Pleas Judge Kennedy dismissed the charges against Plaintiff due to the inadequate evidence presented. (Doc. 1, p. 9). Plaintiff claims that as a result of Defendants' action, he suffered discomfort, damage to his health, loss of time and deprivation of society due to the time he spent in prison, stress, worry, lack of sleep, loss of enjoyment of life, humiliation, harassment, and ridicule.

The specific Counts Plaintiff alleges in his Complaint against Defendants Hose, Peddicord, and Spence include Malicious Prosecution, and in the alternative, Malicious Abuse of Process. The specific Counts Plaintiff alleges against Defendant City of York include Failure to Train and Supervise and, Deliberate Indifference in Policy and Customs. Plaintiff alleges Malicious Prosecution on the part of Defendants Hose, Peddicord and Spence because they knew or should have known that they lacked probable cause to arrest Plaintiff and because they acted with malicious intent based on racial bias in prosecuting Plaintiff, both of which resulted in Plaintiff being incarcerated and, thus deprived Plaintiff of his liberty. Therefore, Plaintiff is

alleging violations of his Fourth Amendment rights because he was arrested without probable cause, and violations of his Fourteenth Amendment rights to liberty and equal protection of the law because he was incarcerated on Defendants' arrest based on racial discrimination and an arrest lacking probable cause. (Doc. 1, pp. 11-12). In addition to Malicious Prosecution, Plaintiff raises a claim of Malicious Abuse of Process, alleging that even if probable cause existed to initiate his arrest, Defendants Hose, Peddicord and Spence acted maliciously with racial bias by continuing the investigation and/ or prosecution even after they discovered the witnesses lacked credibility and provided false statements to the officers. (Doc. 1, p. 12). Therefore, Plaintiff, with respect to his malicious prosecution claim, is alleging his Fourteenth Amendment right to equal protection of the law was violated because Defendants continued the prosecution of him even after discovering the witnesses lacked credibility and provided false statements.

Plaintiff also raises, under *Monell v. Dept. of Soc. Servs., NYC*, 436 U.S. 658, 694 (1978), a claim of Failure to Train and Supervise on the part of Defendant City of York, alleging that the City of York acted with deliberate indifference in failing to properly train and supervise its officer to prevent the "practice of substituting racial, economic or cultural bias for evidence as grounds for suspicion." (Doc. 1, p. 14). Plaintiff claims that Defendant City of York's deliberate indifference to properly training and supervising its officers was a direct and proximate cause of Plaintiff's injuries and violations of his constitutional rights. (*Id.*).

Lastly, also under Count II, Plaintiff alleges, under *Monell*, that Defendant City of York had a policy, practice and/ or custom based on race that ultimately led to violations of Plaintiff's

4

Fourth, Fifth and Fourteenth Amendment rights. (Doc. 1, pp. 14- 16).

### III. DISCUSSION.

#### A. *PLAINTIFF'S MOTION TO AMEND (DOC. 55)*

As Plaintiff recognizes (Doc. 56), under Rule 15(a), leave of Court must be obtained to file an amended pleading after a responsive pleading is served. Wright Miller & Kane, *Federal Practice & Procedure,* § 1504. It is within the Court's discretion to grant or deny a request for leave to file an amended pleading. *Id.; Farmer v. Brennan*, 511 U.S. 825, 845, 114 S.Ct. 1970, 1983 (1994). Furthermore, as Plaintiff also recognizes (*Id.*), leave should be freely granted when doing so will promote the economic and speedy disposition of the whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id.*

The grant or denial of a motion for leave to amend or supplement is committed to the sound discretion of the District Court. *Cureton v. NCAA*, 252 F. 3d 267, 272 (3d Cir. 2001). We are well aware Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," however, if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n.*, 573 F. 2d 820, 823 (3d Cir. 1978).

5

Plaintiff seeks to add one new Defendant in his proposed amended complaint, namely, William H. Graff, former York County first Assistant District Attorney ("ADA"). Plaintiff avers that Graff was ADA during the relevant times of May 28, 2008 through May 15, 2009. Plaintiff states that he discovered that ADA Graff was terminated from his position due to allegations of corruption. Plaintiff states that he did not know about ADA Graff and Graff's involvement with his constitutional claims until he received a copy of Gregory Hall's Statement dated "9/28/09" in which Hall avers that Graff coerced him into making false statements. (Doc. 55-2, Ex. A). Plaintiff attached a copy of Hall's "9/28/09" Statement to his proposed amended complaint and he attached portions of Hall's prior testimony before the Grand Jury which was investigating the death of Juan Laboy on August 29, 2006. (Doc. 55-2, Ex. D). ADA Graff was the prosecutor who questioned Hall during the Grand Jury proceedings. Plaintiff also attached copies of newspaper articles stating that ADA Graff was forced to resign from his job effective May 15, 2009. Plaintiff seeks to add allegations in his proposed amended complaint that ADA Graff conspired with Defendants Hose, Peddicord and Spence to maliciously prosecute him and to abuse his authority. Plaintiff states that ADA Graff was involved in the murder investigation of Laboy along with Hose, Peddicord and Spence during the relevant times of this case, and that they conspired to coerce Hall to give false statements on May 28, 2008. Plaintiff also states that Defendants and Graff caused him to be arrested and that they continued to prosecute him even though they knew his arrest was based on false statements. Plaintiff states that he was indicted in October 2008, when Graff was first ADA and that a continuing violation of his rights occurred until January 12, 2010, when witnesses testified falsely at his trial.

Plaintiff argues that his proposed amended complaint as against Graff should relate back to the date of his original Complaint since Graff knew or should have known that this case would have been brought against him but for a mistake as to his proper identity.

Defendants argue that the constitutional claims Plaintiff seeks to assert against Graff would be barred by the 2-year statute of limitations and that Plaintiff does not meet the requirements under Fed.R.Civ.P. 15(c) to have his amended complaint as against Graff relate back to the date of his original Complaint.

At the outset, we agree with Defendants that Plaintiff's proposed constitutional claims as against Graff would be barred by the 2-year statute of limitations. Defendants correctly state (Doc. 59, pp. 4-5) that §1983 claims are subject to a 2-year statute of limitations, the same statute of limitations that would exist for a state personal injury action. *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003)(Section 1983 claims are subject to state statutes of limitations governing personal injury actions and in Pennsylvania there is a two year statue of limitations for personal injury actions)(citations omitted); *Quarles v. Palakovich*, 2011 WL 5040891, *2 (M.D. Pa. Oct. 24, 2011).

Defendants contend that Plaintiff's proposed claims against Graff are thus time-barred by the 2-year statute of limitations, since Plaintiff's claims against Graff arose on January 12, 2010, when criminal charges against Plaintiff Milburn were dismissed.

As Defendants state, the applicable 2-year statute of limitations expired as against Graff before Plaintiff filed his §1983 action alleging malicious prosecution since the York County

7

District Attorney's Office *nolle prossed* the criminal charges against Plaintiff on January 12, 2010, and since Plaintiff had until January 12, 2012, to file his §1983 action against Graff. (Doc. 59, pp. 4-5). This Court has previously found Plaintiff's original Complaint as against the present Defendants was timely filed under the prison mailbox rule on January 9, 2012. Plaintiff's original Complaint did not name Graff as a Defendant. Thus, as Defendants state, since Plaintiff's constitutional claims accrued on January 12, 2010, when the York County District Attorney's Office moved to *nolle prosse* the murder charges against Plaintiff, the only way Plaintiff can bring his proposed claims against Graff is to have his amended complaint relate back to the date of his original Complaint. (Doc. 59, p. 5).

Defendants state that Plaintiff's proposed amended complaint does not relate back to the date he filed this instant civil rights action on January 9, 2012, since there "is absolutely no evidence that Graff received notice of the action within 120 days of the institution of the lawsuit." (Doc. 59, p. 5). Thus, Defendants state that Plaintiff does not satisfy the requirements of Rule 15(c) to have his proposed amended complaint relate back to the date of his original Complaint.

In *Womack v. Smith*, 2009 WL 5214966, *2 (M.D. Pa.), the Court stated:

> In a [civil rights] action, federal courts must apply the statute of limitations for analogous state actions. *Napier v. Thirty or More Unidentified Federal Agents, Employees, or Officers,* 855 F.2d 1080, 1088 n. 3 (3d Cir.1988). The governing law here is Pennsylvania's two-year statute of limitations. 42 Pa.C.S.A. § 5524. The statute begins to run when the plaintiff knew or should have known of the violation of his rights. *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 80 (3d Cir.1989) (in the context of a 42 U.S.C. § 1983 action).

Federal Rule of Civil Procedure 15 allows amendments to a complaint to relate back to an original complaint.FN3 Rule 15(c) provides, in relevant part:  FN3. In 2007, Rule 15 was amended as part of a general restyling of the Federal Rules of Civil Procedure. The amendments reconfigured the language and the designations of paragraphs and subsections. The original language of Rule 15(c)(2) can now be found in Rule 15(c)(1)(B).

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
...

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Fed.R.Civ.P. 15(c). An amended complaint relates back to an original complaint subject to three conditions: "(1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by the amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in ... must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity." *Arthur v. Maersk, Inc.,* 434 F.3d 196, 203 (3d Cir.2006) (citing Fed.R.Civ.P. 15(c)). All three conditions must be met for an amendment to relate back for purposes of the applicable statute of limitations. *Singletary v. Pennsylvania Dep't of Corrections,* 266 F.3d 186, 194 (3d Cir.2001).

*See also Francis ex rel. Estate of Francis v. Nothumberland County*, 636 F. Supp. 2d 368, 397-98 (M.D. Pa.); *Garvin*, 354 F.3d at 220; *Quarles v. Palakovich*, 2011 WL 5040891, *2.

Defendants correctly state that Graff did not have notice of Plaintiff's action since he resigned from his ADA position with York County on May 15, 2009, and since Defendants are York City employees. (Doc. 59, p. 5). Thus, Defendants state that Graff would not have known of Plaintiff's action and that there was no mistake in Graff's identity since "Plaintiff was aware of Graff's identity during the criminal proceedings." (*Id*.). As stated, Plaintiff's proposed Exhibit D attached to his proposed amended complaint shows that Graff conducted the examination of Hall during the Grand Jury proceedings. (Doc. 55-2, p. 5).

Plaintiff does not argue that Graff had actual notice of his action. Plaintiff contends that Graff had imputed knowledge and he cites to *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186, 194 (3d Cir.2001). (Doc. 56, p. 3). Plaintiff states that Graff will share the attorney and his law firm who has entered his appearance for all Defendants. Plaintiff also states that Graff was closely involved with the daily activities of the City of York Defendants such that the commencement of his action against these Defendants served to provide notice of his action to Graff. (Id., pp. 3-4).

> The Court in *Quarles v. Palakovich*, 2011 WL 5040891, *2, stated that:
>
> In *Singletary,* the United States Court of Appeals for the Third Circuit explained that there are two possible methods by which the district courts can impute notice under Rule 15(c)(3)—the "shared attorney" method and the "identity of interest" method. 266 F.3d at 196–97; *Garvin,* 354 F.3d at 222-23. Under the "shared attorney" method, notice of the initiation of an action can be imputed on an unnamed defendant where "the originally named party and the parties sought to be added are represented by the same attorney." *Garvin,* 354 F.3d at 222–23 (citing *Singletary,* 266 F.3d at 196). The rule is based on the theory that

"the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary,* 266 F.3d at 196. The "identity of interest" method imputes notice where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197.

We agree with Defendants and find that Plaintiff merely speculates that Graff would have known of Plaintiff's action. Also, there is no evidence that Plaintiff did not know of Graff's identity until he received Hall's Statement. As stated, Graff conducted the Grand Jury investigation into Laboy's death when Hall testified. Additionally, Counsel for Defendants represents the City of York and the City of York police officers. Graff was a York County employee and, Plaintiff offers no evidence to show that Counsel for Defendants is retained by York County and will also represent Graff is he is added as a Defendant. *See Quarles v. Palakovich*, 2011 WL 5040891, *3(citing *Garvin*, 354 F.3d at 226-26). We also do not find that Graff had imputed notice of this case *via* a shared identity of interest with the originally named York City Defendants. Defendants and Graff had different employers, Defendants were employed by York City and Graff was employed, up until May 15, 2009, by York County. There is also no evidence that Graff was a supervisor over Defendants. We find that Graff did not share a sufficient nexus of interest with the City of York Defendants so that notice of this case on Defendants can be imputed to Graff. *Quarles v. Palakovich*, 2011 WL 5040891, *3(citing *Garvin*, 354 F.3d at 227).

Therefore, we agree with Defendants and find that Plaintiff cannot satisfy the above stated elements of Rule 15(c). Thus, Plaintiff's proposed amended complaint does not relate back to his original Complaint and the statute of limitations expired with respect to his claims

11

against Graff. As such, we will deny Plaintiff's Motion to Amend as futile. *See Womack, supra*.

**IV.    CONCLUSION.**

Accordingly, the Court will deny Plaintiff's Motion for Leave to File an Amended Complaint. **(Doc. 55).**

An appropriate Order will be issued.


                                        s/ Thomas M. Blewitt
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: October 22, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. **1: 12-CV-0121** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, *et al.*, | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 22nd day of **October, 2012**, based on the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Leave of Court to Amend Complaint **(Doc. 55)** is **DENIED**.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 22, 2012**