# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DONTE MILBURN, | : | CIVIL ACTION NO. 1: 12-CV-0121 |
|---|---|---|
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### I. BACKGROUND.

On January 23, 2012, *pro se* Plaintiff Donte Milburn, an inmate at SCI-Somerset, Somerset, PA, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.). On this same date, he also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On January 30, 2012, he filed a second Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). On January 31, 2012, we granted Plaintiff's Motions for Leave to Proceed *in forma pauperis*. We also directed the Clerk of Court to issue process to the U.S. Marshal for service of Plaintiff's Complaint on Defendants. (Doc. 9). Defendants, City of York, Michael Hose, Richard Peddicord, and Jeffrey Spence, were then served with Plaintiff's Complaint.

In response to Plaintiff's Complaint, on April 2, 2012, Defendants jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 20). On June 11, 2012, Plaintiff filed a Motion for Default Judgment. (Doc. 35). Both motions were briefed by the parties.

On July 24, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 20) be denied. We also

recommended that Plaintiff's Motion for Default Judgment (Doc. 35) be denied. We further recommended that this case be remanded to the undersigned for further proceedings, including directing Defendants to file their Answer to Plaintiff's Complaint. (Doc. 40). On August 21, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 47).

On September 7, 2012, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 49). On September 10, 2012, Defendants jointly filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (Doc. 50). On September 11, 2012, we issued an Order and denied Plaintiff's Motion for Appointment of Counsel. (Doc. 52). On September 12, 2012, we issued a Scheduling Order and set the discovery deadline as November 13, 2012, and the dispostive motions deadline as January 14, 2013. (Doc. 53).

On September 18, 2012, Plaintiff filed a Motion for leave of Court to file an Amended Complaint and to have the Amended Complaint relate back to the date of the original Complaint. (Doc. 55). Plaintiff attached his proposed Amended Complaint with its Exhibits to his motion and he filed a support brief. (Docs. 55-1, 55-2 & 56). On October 2, 2012, Defendants filed their opposition brief to Plaintiff's motion. (Doc. 59). On October 22, 2012, we issued a Memorandum and Order and denied Plaintiff's Doc. 55 motion. (Doc. 65).

On October 5, 2012, Plaintiff filed a Motion to Compel Defendants to produce documents. (**Doc. 60**). Plaintiff's motion was briefed by the parties and the parties submitted Exhibits. (Docs. 61, 62 & 66). Plaintiff's Motion to Compel is now ripe for disposition.

On November 13, 2012, Plaintiff filed a 6-paragraph Motion for a 60-day Extension of the Discovery Deadline, *i.e.*, to January 12, 2013, with an attached Exhibit. (**Doc. 72**).

## II. ALLEGATIONS OF COMPLAINT.

In his Complaint, Plaintiff alleges that on or about August 28, 2006, at some time between 11:00 p.m. and 12:01 a.m., Juan Laboy died from gunshot wounds to his chest, and Defendants City of York police officers arrested Plaintiff in connection with Juan Laboy's death. (Doc. 1, p. 5). Plaintiff claims that his Fourth, Fifth and Fourteenth Amendment rights were violated because Defendants' racial bias caused an intentional and malicious incomplete investigation resulting in falsified, uncorroborated and incomplete evidence and testimony against Plaintiff that ultimately led to his arrest. (Doc. 1, pp. 5-8).

The specific charges filed against Plaintiff included Criminal Homicide in the First and Second Degree under 18 Pa. C.S. § 2501(A) and (B), Robbery - Inflicting Serious Bodily Injury under 18 Pa. C.S. §3701(A)(1)(I), and 2 counts of Criminal Conspiracy under 18 Pa. C.S. § 903 (A)(1) for each other charge. (Doc. 1, p. 8). On January 11, 2010, Plaintiff was brought in front of a jury on these charges; however, the York County District Attorney halted the trial, and York County Court of Common Pleas Judge Kennedy dismissed the charges against Plaintiff due to the inadequate evidence presented. (Doc. 1, p. 9). Plaintiff claims that as a result of Defendants' action, he suffered discomfort, damage to his health, loss of time and deprivation of society due to the time he spent in prison, stress, worry, lack of sleep, loss of enjoyment of life, humiliation, harassment, and ridicule.

The specific Counts Plaintiff alleges in his Complaint against Defendants Hose, Peddicord, and Spence include Malicious Prosecution, and in the alternative, Malicious Abuse of Process. The specific Counts Plaintiff alleges against Defendant City of York include Failure

3

to Train and Supervise and, Deliberate Indifference in Policy and Customs. Plaintiff alleges Malicious Prosecution on the part of Defendants Hose, Peddicord and Spence because they knew or should have known that they lacked probable cause to arrest Plaintiff and because they acted with malicious intent based on racial bias in prosecuting Plaintiff, both of which resulted in Plaintiff being incarcerated and, thus deprived Plaintiff of his liberty. Therefore, Plaintiff is alleging violations of his Fourth Amendment rights because he was arrested without probable cause, and violations of his Fourteenth Amendment rights to liberty and equal protection of the law because he was incarcerated on Defendants' arrest based on racial discrimination and an arrest lacking probable cause. (Doc. 1, pp. 11-12). In addition to Malicious Prosecution, Plaintiff raises a claim of Malicious Abuse of Process, alleging that even if probable cause existed to initiate his arrest, Defendants Hose, Peddicord and Spence acted maliciously with racial bias by continuing the investigation and/ or prosecution even after they discovered the witnesses lacked credibility and provided false statements to the officers. (Doc. 1, p. 12). Therefore, Plaintiff, with respect to his malicious prosecution claim, is alleging his Fourteenth Amendment right to equal protection of the law was violated because Defendants continued the prosecution of him even after discovering the witnesses lacked credibility and provided false statements.

Plaintiff also raises, under *Monell v. Dept. of Soc. Servs., NYC*, 436 U.S. 658, 694 (1978), a claim of Failure to Train and Supervise on the part of Defendant City of York, alleging that the City of York acted with deliberate indifference in failing to properly train and supervise its officer to prevent the "practice of substituting racial, economic or cultural bias for evidence as

grounds for suspicion." (Doc. 1, p. 14). Plaintiff claims that Defendant City of York's deliberate indifference to properly training and supervising its officers was a direct and proximate cause of Plaintiff's injuries and violations of his constitutional rights. (*Id.*).

Lastly, also under Count II, Plaintiff alleges, under *Monell*, that Defendant City of York had a policy, practice and/or custom based on race that ultimately led to violations of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights. (Doc. 1, pp. 14-16).

### III. DISCUSSION.

#### A. PLAINTIFF'S MOTION TO COMPEL (DOC. 60)

Plaintiff's motion (Doc. 60) is filed under Rule 37(a). Plaintiff seeks the Court to order Defendants to produce various documents which he requested *via* his August 22, 2012 Request for Documents he sent Defendants. Plaintiff states that on September 21, 2012, Defendants objected to all the documents he requested. Plaintiff points to his Exhibit A he submitted with his motion. (Doc. 62). The documents which Plaintiff seeks Defendants to produce are specified in his motion and include copies of documents regarding his criminal investigation and trial, including copies of all written statements and reports relating to the murder of Juan Laboy made by Defendants, their employees and witnesses, copies of his criminal trial transcripts as well as all complaints and records, including court actions and disciplinary complaints, filed against the individual Defendants. Further, Plaintiff seeks Defendants to produce all rules, regulations and polices of the City of York Police Department regarding investigating crimes, and collection of evidence. Plaintiff also seeks the Court to award him his costs related to his motion.

Initially, we find that Plaintiff failed to indicate that he attempted to confer with Defendants' counsel to try and resolve his discovery disputes before he filed his Motion, as required by Fed.R.Civ.P. 37(a)(1) and Local Rule 26.3, M.D. Pa.[1]

Plaintiff's Motion to Compel is filed under Rule 37(a). The Court stated as follows in *Korescko v. Bleiweis*, 2004 WL 2005785, * 1 (E.D. Pa.):

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).
>
> Federal Rule 33 requires a party served with interrogatories to respond to each within 30 days after they were served. Rule 33(b)(1) and (3). The party serving the interrogatories may move under Rule 37(a) to compel an answer to an interrogatory to which the receiving party has objected or which it has otherwise failed to answer. Rule 33(b)(5).
>
> Similarly, Federal Rule 34 requires that a party served with a document request either produce the requested documents or else state a specific objection for each item or category objected to. Here, again, if the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed.R.Civ.P. 34(b), 37(a)(1)(B).

In *Paluch v. Dawson*, 2007 WL 4375937, * 2 (M.D. Pa.), the Court stated:

> Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must

---

[1]The Court notes that Plaintiff was provided a copy of the pertinent Local Rules of this Court in the present case. (Doc. 4).

> demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D. Pa.1982).

As stated, Plaintiff contends that Defendant failed to produce the stated documents he requested which are relevant to his claims. A review of Plaintiff's Exhibit A (Doc. 62) reveals that while Defendants objected to Plaintiff's stated document requests, they also stated that there were in the process of gathering documents responsive to Plaintiff's requests to the extent his requests sought relevant documents. Defendants advised Plaintiff that they would provide him with the documents in thirty days. In their opposition brief, Defendants state that as of the date of their October 24, 2012 brief they have provided Plaintiff with 490 pages of documents regarding his criminal investigation and trial. Defendants attached a copy of their letter to Plaintiff showing service with respect to their 490-page document production. (Doc. 66-1). Defendants also state in their letter to Plaintiff that the 490-pages of documents, redacted in part, "are inclusive of all items the City of York has in its possession." As such, Defendants state that insofar as Plaintiff is seeking documents regarding his criminal proceedings, all of these documents were provided to Plaintiff and his motion is moot in this regard.

Plaintiff did not file a reply brief with respect to his Motion to Compel disputing Defendants' contention that they provided him with documents related to his criminal proceedings. Thus, based on Defendants' exhibit and representations, we agree with Defendants that Plaintiff's motion is moot regarding documents related to his criminal proceedings.

Defendants also state in their brief that insofar as Plaintiff seeks Defendants to produce all rules, regulations and polices of the City of York Police Department regarding investigating crimes and collection of evidence they will produce these documents in thirty days of the date of their brief. Thus, based on Defendants' representations, we agree with Defendants that Plaintiff's motion is moot regarding the stated documents. See Furey v. Wolfe, 2011 WL 597038, *4 (E.D. Pa. Feb. 18, 2011).

Defendants next address Plaintiff's requests for copies of documents regarding all court actions and all disciplinary complaints filed against each individual Defendant. Defendants state that they properly objected to these requests of Plaintiff since they are vague and overbroad, and seek material not relevant to this case. Defendants also point out that Plaintiff is merely seeking information (i.e., he is on a fishing expedition) and not specific documents which they possess. Defendants further state that they do not possess any and all civil cases filed against them and that this information is equally available to Plaintiff since they are matters of public record.

We agree with Defendants that they properly objected to Plaintiff's requests for copies of documents regarding all court actions and all disciplinary complaints filed against each individual Defendant. We find that these requests of Plaintiff are overbroad and overly burdensome, and that they may not be relevant to this case. See McDowell v. Litz, 2009 WL 2058712, *3 (M.D. Pa. July 10, 2009); Milhouse v. Gee, 2012 WL 3150580, *4-*5 (M.D. Pa. Aug. 2, 2012)(Court held that inmate's request for documents regarding all disciplinary records of Defendant prison officials were not relevant to case and would not be admissible at trial.).

Plaintiff does not provide any dates with respect to his requests and he does not specify what types of complaints or records he is seeking. Further, we accept Defendants' representation that they do not possess any and all civil cases filed against them. Also, we agree with Defendants that this information is equally available to Plaintiff since they are matters of public record.

Therefore, we will deny Plaintiff's Motion to Compel. (Doc. 60).

We will now consider Plaintiff's Motion for an Extension of the discovery period.

### B. PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE (DOC. 72)

As stated, on November 13, 2012, Plaintiff filed a 6-paragraph Motion for a 60-day Extension of the Discovery Deadline, *i.e.*, to January 12, 2013, with an attached Exhibit. **(Doc. 72)**. Plaintiff states that he has not received any response of Defendants to his First Set of Interrogatories he served on them on September 20, 2012. Plaintiff also states that he will have to file another motion to compel. Further, Plaintiff states Defendants' counsel sent him a letter dated November 5, 2012, in which counsel indicated, in part, that he would not provide Plaintiff with responses to Plaintiff's Second Requests for Documents since they were untimely and he would not have thirty days to respond to them within the discovery deadline. (Doc. 72, p. 4). Plaintiff indicates that his Second Requests for Documents was late since Defendants took a great deal of time to respond to his first requests.

In Defendants' counsel letter to Plaintiff dated November 5, 2012, counsel also indicated Defendants did not presently have the transcripts of Plaintiff's criminal trial and that they did not have any other documents besides the 490 pages of documents they already gave Plaintiff.

9

Further, Defendants' counsel told Plaintiff that he was in the process of responding to Plaintiff's First Set of Interrogatories and that he would send them to Plaintiff by the end of November.

With respect to Plaintiff's request to Defendants for copies of the transcripts of his criminal trial, we find that Plaintiff must request these copies from the state court himself and pay for the costs of copying them. Simply because Plaintiff is *pro se* and indigent, does not entitle him to copy of his trial transcripts free of charge or paid by the Defendants or by the government. The law is well-settled that *pro se* inmates must pay for the expenses involved in their civil actions. See *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa., February 2011 Order. This is also true even if the inmate Plaintiff is indigent.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Court stated that "[t]here is no provision in [28 U.S.C. §1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statue authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." See also *Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to *serve* subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.; *Boring v. Kozakiewicz*, 833 F. 2d 468, 474 (3d Circ. 1987).

On November 15, 2012, Defendants responded to Plaintiff's Motion for an Extension of the Discovery Deadline and they state that they concur in the request for a 60-day extenstion

of the discovery deadline. (Doc. 77). Defendants point out that they do not agree with the reasons stated by Plaintiff in his motion, and that their concurrence is based on at least two fact witnesses identified by Plaintiff who they will be deposing.

We have reviewed Plaintiff's Motion for a 60-day Extension of the Discovery Deadline and Defendants' Response thereto. Based on the above discussion and background regarding Plaintiff's instant motions, as well as the exhibits submitted by the parties and Defendants' concurrence, we will grant Plaintiff's Motion for an Extension of the Discovery Deadline and we will grant the parties a 60-day extension, *i.e.*, to January 12, 2013.[2] We find that the current deadline is not sufficient time for the completion of discovery. We will also extend the dispositive motion deadline from January 14, 2013 to March 14, 2013.

---

[2]The Court notes that it is satisfied, in its discretion, that a discovery extension is needed. Thus, the Court will grant Plaintiff's Motion for a 60-day Extension of the Discovery Deadline. *See Quarles v. Palakovich*, 2010 WL 3716199, *2 (M.D. Pa. Sept. 16, 2010)("Issues relating to the scope and timing of discovery permitted under the Rules rest in the sound discretion of the Court.")(citations omitted).

## IV. CONCLUSION.

Accordingly, the Court will deny Plaintiff's Motion to Compel **(Doc. 60)**. The Court will also grant Plaintiff's Motion for an Extension of the Discovery Deadline **(Doc. 72)** to the extent of a 30-day extension.

An appropriate Order will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. **1: 12-CV-0121** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 16th day of **November**, 2012, based on the foregoing Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel **(Doc. 60)** is **DENIED**.

2. Plaintiff's Motion for an Extension of the Discovery Deadline **(Doc. 72)** is **GRANTED** and the parties are afforded a 60-day extension to **January 12, 2013.**

3. The Court also extends the dispositive motion deadline from January 14, 2013 to **March 14, 2013.**

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 16, 2012