IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. 1: 12-CV-0121 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
JAN 22 2013
PER _____
DEPUTY CLERK

## MEMORANDUM AND ORDER

**I.  BACKGROUND.**

On January 23, 2012, *pro se* Plaintiff Donte Milburn, an inmate at SCI-Somerset, Somerset, PA, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.). On this same date, he also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On January 30, 2012, he filed a second Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). On January 31, 2012, we granted Plaintiff's Motions for Leave to Proceed *in forma pauperis*. We also directed the Clerk of Court to issue process to the U.S. Marshal for service of Plaintiff's Complaint on Defendants. (Doc. 9). Defendants, City of York, Michael Hose, Richard Peddicord, and Jeffrey Spence, were then served with Plaintiff's Complaint.

In his Complaint, Plaintiff alleges that on or about August 28, 2006, at some time between 11:00 p.m. and 12:01 a.m., Juan Laboy died from gunshot wounds to his chest, and Defendants City of York police officers arrested Plaintiff in connection with Juan Laboy's death. (Doc. 1, p. 5). Plaintiff claims that his Fourth, Fifth and Fourteenth Amendment rights were violated because Defendants' racial bias caused an intentional and malicious incomplete

investigation resulting in falsified, uncorroborated and incomplete evidence and testimony against Plaintiff that ultimately led to his arrest. (Doc. 1, pp. 5-8).

The specific charges filed against Plaintiff included Criminal Homicide in the First and Second Degree under 18 Pa. C.S. § 2501(A) and (B), Robbery - Inflicting Serious Bodily Injury under 18 Pa. C.S. §3701(A)(1)(I), and 2 counts of Criminal Conspiracy under 18 Pa. C.S. § 903 (A)(1) for each other charge. (Doc. 1, p. 8). On January 11, 2010, Plaintiff was brought in front of a jury on these charges; however, on January 12, 2010, the York County District Attorney moved to nolle prosse the charges against Plaintiff, and York County Court of Common Pleas Judge Kennedy dismissed the charges against Plaintiff. (Doc. 1, p. 9). Plaintiff claims that as a result of Defendants' action, he suffered discomfort, damage to his health, loss of time and deprivation of society due to the time he spent in prison, stress, worry, lack of sleep, loss of enjoyment of life, humiliation, harassment, and ridicule.

The specific Counts Plaintiff alleges in his Complaint against Defendants Hose, Peddicord, and Spence include Malicious Prosecution, and in the alternative, Malicious Abuse of Process. The specific Counts Plaintiff alleges against Defendant City of York include Failure to Train and Supervise and, Deliberate Indifference in Policy and Customs. Plaintiff alleges Malicious Prosecution on the part of Defendants Hose, Peddicord and Spence because they knew or should have known that they lacked probable cause to arrest Plaintiff and because they acted with malicious intent based on racial bias in prosecuting Plaintiff, both of which resulted in Plaintiff being incarcerated and, thus deprived Plaintiff of his liberty. Therefore, Plaintiff is alleging violations of his Fourth Amendment rights because he was arrested without probable

cause, and violations of his Fourteenth Amendment rights to liberty and equal protection of the law because he was incarcerated on Defendants' arrest based on racial discrimination and an arrest lacking probable cause. (Doc. 1, pp. 11-12). In addition to Malicious Prosecution, Plaintiff raises a claim of Malicious Abuse of Process, alleging that even if probable cause existed to initiate his arrest, Defendants Hose, Peddicord and Spence acted maliciously with racial bias by continuing the investigation and/ or prosecution even after they discovered the witnesses lacked credibility and provided false statements to the officers. (Doc. 1, p. 12). Therefore, Plaintiff, with respect to his malicious prosecution claim, is alleging his Fourteenth Amendment right to equal protection of the law was violated because Defendants continued the prosecution of him even after discovering the witnesses lacked credibility and provided false statements.

Plaintiff also raises, under *Monell v. Dept. of Soc. Servs., NYC*, 436 U.S. 658, 694 (1978), a claim of Failure to Train and Supervise on the part of Defendant City of York, alleging that the City of York acted with deliberate indifference in failing to properly train and supervise its officer to prevent the "practice of substituting racial, economic or cultural bias for evidence as grounds for suspicion." (Doc. 1, p. 14). Plaintiff claims that Defendant City of York's deliberate indifference to properly training and supervising its officers was a direct and proximate cause of Plaintiff's injuries and violations of his constitutional rights. (*Id.*).

Lastly, also under Count II, Plaintiff alleges, under *Monell*, that Defendant City of York had a policy, practice and/ or custom based on race that ultimately led to violations of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights. (Doc. 1, pp. 14- 16).

In response to Plaintiff's Complaint, on April 2, 2012, Defendants jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 20). On June 11, 2012, Plaintiff filed a Motion for Default Judgment. (Doc. 35). Both motions were briefed by the parties.

On July 24, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 20) be denied. We also recommended that Plaintiff's Motion for Default Judgment (Doc. 35) be denied. We further recommended that this case be remanded to the undersigned for further proceedings, including directing Defendants to file their Answer to Plaintiff's Complaint. (Doc. 40). On August 21, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 47).

On September 7, 2012, Plaintiff filed his first Motion for Appointment of Counsel. (Doc. 49). In his September 7, 2012 Motion to Appoint Counsel, Plaintiff stated the following grounds as to why the Court should appointment counsel to represent him in this matter:

1. Plaintiff is unable to afford counsel. He has requested leave to proceed in forma pauperis.
2. Plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex and will require significant research and investigation, [and] it is also likely to turn on credibility determinations[,] [a]s well as require the testimony of an expert witness or witnesses. Plaintiff has limited access to the law library and limited knowledge of the law.
3. A trial in this case will likely involve conflicting testimony, and counsel would better enable [P]laintiff to present evidence and cross examine witnesses.

(Doc. 49, p. 1).

On September 10, 2012, Defendants jointly filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (Doc. 50). On September 11, 2012, we issued an Order and denied

Plaintiff's Motion for Appointment of Counsel. (Doc. 52). On September 12, 2012, we issued a Scheduling Order and set the discovery deadline as November 13, 2012, and the dispostive motions deadline as January 14, 2013. (Doc. 53).

On September 18, 2012, Plaintiff filed a Motion for leave of Court to file an Amended Complaint and to have the Amended Complaint relate back to the date of the original Complaint. (Doc. 55). Plaintiff attached his proposed Amended Complaint with its Exhibits to his motion and he filed a support brief. (Docs. 55-1, 55-2 & 56). On October 2, 2012, Defendants filed their opposition brief to Plaintiff's motion. (Doc. 59). On October 22, 2012, we issued a Memorandum and Order and denied Plaintiff's Doc. 55 motion. (Doc. 65).

On October 5, 2012, Plaintiff filed a Motion to Compel Defendants to produce documents. (Doc. 60). Plaintiff's motion was briefed by the parties and the parties submitted Exhibits. (Docs. 61, 62 & 66).

On November 5, 2012, Plaintiff filed a second Motion to Appoint Counsel. (Doc. 70). In this Motion, Plaintiff stated five grounds for reconsideration of our Order denying his first Motion to Appoint Counsel (Doc. 49), which were identical to the grounds in his first Motion with an additional two new grounds, which were as follows:

1. Plaintiff is unable to afford counsel. He has requested leave to proceed in forma pauperis.

2. Plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex and will require significant research and investigation, [and] it is also likely to turn on credibility determinations[,]

> [a]s well as require the testimony of an expert witness or witnesses. Plaintiff has limited access to the law library and limited knowledge of the law.
>
> 3. A trial in this case will likely involve conflicting testimony, and counsel would better enable [P]laintiff to present evidence and cross examine witnesses.
>
> 4. Defendants "City of York et al" filed a motion to take deposition from plaintiff on October 26, 2012. (Doc. 67).
>
> 5. Plaintiff's (sic) afraid that he might be asked to say things which could be used against him in a criminal prosecution.

(Doc. 70, p. 1).

On November 7, 2012, we denied Plaintiff's second (Document 70) Motion to Appoint Counsel. (Doc. 71).

On November 13, 2012, Plaintiff filed a 6-paragraph Motion for a 60-day Extension of the Discovery Deadline, *i.e.*, to January 12, 2013, with an attached Exhibit. (Doc. 72).

On November 15, 2012, Plaintiff filed a second Motion to Compel this time to compel Defendants to answer his First Set of Interrogatories which he mailed to Defendants on September 20, 2012. (Doc. 74). Plaintiff also requests the court to award him reasonable costs regarding his Doc. 74 Motion. Plaintiff did not support his request for costs with any documentation as to his costs. Plaintiff filed a brief in support of his Doc. 74 Motion and he submitted Exhibits, including a copy of his First Set of Interrogatories, proof of service and a copy of his October 29, 2012 letter to Defendants' counsel requesting Defendants' responses to his First Set of Interrogatories or stating that he would file a motion to compel. (Docs. 75

& 76).

On November 16, 2012, we issued a Memorandum and Order and directed as follows:

1. Plaintiff's Motion to Compel **(Doc. 60)** is **DENIED**.

2. Plaintiff's Motion for an Extension of the Discovery Deadline (**Doc. 72**) is **GRANTED** and the parties are afforded a 60-day extension to **January 12, 2013.**

3. The Court also extends the dispositive motion deadline from January 14, 2013 to **March 14, 2013.**

(Doc. 78).

Also, Defendants failed to file their opposition brief to Plaintiff's Doc. 74 Motion to Compel and the time to file their brief has expired. Nor did Defendants request an extension of time to file their opposition brief. Moreover, we found that Plaintiff was entitled to responses to his First Set of Interrogatories. Thus, on December 10, 2012, we issued an Order and granted Plaintiff's unopposed Doc. 74 Motion to Compel Defendants to respond to his First Set of Interrogatories. (Doc. 82).

On December 10, 2012, Defendants filed a Motion for Leave to Depose inmate Gregory Hall who is currently confined at SCI-Dallas pursuant to Fed.R.Civ.P. 30(a)(2)(B). (Doc. 81). On December 11, 2012, we issued an Order and granted Defendants' Motion for Leave to Depose inmate Gregory Hall (Doc. 81), pursuant to Fed.R.Civ.P. 30(a). (Doc. 84).

On December 20 and 26, 2012, Plaintiff filed Motions to Compel. (Docs. 86 & 88). Defendants filed their opposition briefs on January 9 and January 14, 2013. (Docs. 93 & 96). Thus, Plaintiff's Docs. 86 & 88 Motions to Compel are not yet ripe for disposition.

On January 11, 2013, Plaintiff filed a Motion for Reconsideration of our Orders in which we denied Plaintiff's Motions to Appoint Counsel. **(Doc. 95).** Plaintiff attached exhibits to his Doc. 95 Motion. In his Motion for Reconsideration, Plaintiff states that the court should appoint counsel for him and he largely re-asserts the same reasons he raised in his two Motions for Appointment of Counsel. Plaintiff also now states that he has made several attempts to retain counsel in this case but to no avail. Plaintiff cites to his exhibits attached to his Doc. 95 Motion for support. Plaintiff also states that he is having difficulty obtaining copies of his mental health records and he cites to his exhibits for support. Plaintiff states that his mental health records are needed to prove damages at trial in his case.

**II.     DISCUSSION.**

The Court stated in *DiFrancesco v. Aramark Corp.*, 2006 WL 1118096 * 1 (E.D. Pa. 2006):

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

See also *Kennedy Industries, Inc. v. Aparo*, 2006 WL 1892685, * 1 (E.D. Pa. 2006).

We find that Plaintiff has not made the requisite showing with respect to his Doc. 95 Motion for Reconsideration. In fact, Plaintiff largely reiterates the reasons he seeks appointment of counsel which he made in his first two motions for counsel. Further, as stated above, Plaintiff

has filed many motions in this case on his own behalf and he has been quite successful with respect to his motions. Based on the above background of this case, we again find that Plaintiff clearly has demonstrated the ability, the knowledge and the resources to prosecute his own case.

As we have previously stated, Plaintiff does not have a constitutional right to appointed counsel. The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron*, 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on these factors, we again find that Plaintiff's Motion for Reconsideration of our Orders denying his Motions for Appointment of Counsel should be denied. Simply because Plaintiff again states that his confinement in prison is limiting his ability to adequately conduct discovery, does not change our analysis of the *Tabron* factors cited above that led to our Orders denying Plaintiff's Motions to Appoint Counsel. In fact, as mentioned, we find that Plaintiff has

9

been able to conduct substantial and meaningful discovery in this case.

While Plaintiff's claims may have arguable merit, the next factor again weighs against the Plaintiff's Motion for Appointment of Counsel. That is, the Plaintiff has clearly demonstrated an ability to present his own case based on his above detailed filings he made in this case. Further, Plaintiff's filings demonstrate that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, we again find that there are no difficult and complex legal issues involved in this case. Any factual investigation that the Plaintiff has to do is minimal, as it is clear based on his Complaint (Doc. 1) and numerous Motions that Plaintiff is well aware of the basis of his claims. Additionally, we again find that it is does not appear that this case will require testimony from expert witnesses.

Also, insofar as Plaintiff states that he has not been able to obtain his mental health records to prove his damages at trial, it is premature to say if this case will go to trial.

### III. CONCLUSION.

Thus, we will deny Plaintiff's Document 95 Motion for Reconsideration of our Orders denying his Motions for Appointment of Counsel. An appropriate Order will be issued.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: January 22, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. **1: 12-CV-0121** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, *et al.,* | : | |
| Defendants | : | |

**<u>ORDER</u>**

NOW, THEREFORE, ON THIS 22nd DAY OF January, 2013, IT IS ORDERED THAT

Plaintiff's **Document 95** Motion for Reconsideration of our Orders denying his Motions for

Appointment of Counsel is **DENIED**.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: January 22, 2013

11