IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. **1: 12-CV-0121** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON
MAR 29 2013
PER _____
DEPUTY CLERK

## MEMORANDUM AND ORDER

### I. BACKGROUND.

On January 23, 2012, *pro se* Plaintiff Donte Milburn, an inmate at SCI-Somerset, Somerset, PA, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.). On this same date, he also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On January 30, 2012, he filed a second Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). On January 31, 2012, we granted Plaintiff's Motions for Leave to Proceed *in forma pauperis*. We also directed the Clerk of Court to issue process to the U.S. Marshal for service of Plaintiff's Complaint on Defendants. (Doc. 9). Defendants, City of York, Michael Hose, Richard Peddicord, and Jeffrey Spence, were then served with Plaintiff's Complaint.

In his Complaint, Plaintiff alleges that on or about August 28, 2006, at some time between 11:00 p.m. and 12:01 a.m., Juan Laboy died from gunshot wounds to his chest, and Defendants City of York police officers arrested Plaintiff in connection with Juan Laboy's death. (Doc. 1, p. 5). Plaintiff claims that his Fourth and Fourteenth Amendment rights were violated because Defendants' racial bias and profiling caused an intentional and malicious incomplete

investigation resulting in falsified, uncorroborated and incomplete evidence and testimony against Plaintiff that ultimately led to his arrest on October 29, 2008. (Doc. 1, pp. 5-8).

The specific charges filed against Plaintiff included Criminal Homicide in the First and Second Degree under 18 Pa. C.S. § 2501(a) and (b), Robbery - Inflicting Serious Bodily Injury under 18 Pa. C.S. §3701(a)(1)(I), and 2 counts of Criminal Conspiracy under 18 Pa. C.S. § 903 (a)(1) for each other charge. (Doc. 1, p. 8). On January 11, 2010, Plaintiff was brought in front of a jury on these charges; however, on January 12, 2010, the York County District Attorney moved to nolle prosse the charges against Plaintiff, and York County Court of Common Pleas Judge Kennedy dismissed the charges against Plaintiff. (Doc. 1, p. 9). Plaintiff claims that as a result of Defendants' action, he suffered discomfort, damage to his health, loss of time and deprivation of society due to the time he spent in prison, stress, worry, lack of sleep, loss of enjoyment of life, humiliation, harassment, and ridicule.

The specific Counts Plaintiff alleges in his Complaint against Defendants Hose, Peddicord, and Spence include Malicious Prosecution, and in the alternative, Malicious Abuse of Process. The specific Counts Plaintiff alleges against Defendant City of York include Failure to Train and Supervise and, Deliberate Indifference in Policy and Customs. Plaintiff alleges Malicious Prosecution on the part of Defendants Hose, Peddicord and Spence because they knew or should have known that they lacked probable cause to arrest Plaintiff and because they acted with malicious intent based on racial bias in prosecuting Plaintiff, both of which resulted in Plaintiff being incarcerated and, thus deprived Plaintiff of his liberty. Therefore, Plaintiff is alleging a violation of his Fourth Amendment rights because he was arrested without probable

cause, and because he was prosecuted based on racial profiling. (Doc. 1, pp. 11-12). In addition to Malicious Prosecution, Plaintiff raises a claim of Malicious Abuse of Process, alleging that even if probable cause existed to initiate his arrest, Defendants Hose, Peddicord and Spence acted maliciously and based on racial profiling by continuing the investigation and/or prosecution even after they discovered the witnesses lacked credibility and provided false statements to the officers. (Doc. 1, p. 12). Thus, Plaintiff, with respect to his malicious prosecution claim, is alleging his Fourth Amendment rights were violated because Defendants continued the prosecution of him even after discovering the witnesses lacked credibility and provided false statements.

Plaintiff also raises, under *Monell v. Dept. of Soc. Servs., NYC*, 436 U.S. 658, 694 (1978), a claim of Failure to Train and Supervise on the part of Defendant City of York, alleging that the City of York acted with deliberate indifference in failing to properly train and supervise its officer to prevent the "practice of substituting racial, economic or cultural bias for evidence as grounds for suspicion." (Doc. 1, p. 14). Plaintiff claims that Defendant City of York's deliberate indifference to properly training and supervising its officers was a direct and proximate cause of Plaintiff's injuries and violations of his constitutional rights. (*Id.*).

Lastly, also under Count II, Plaintiff alleges, under *Monell*, that Defendant City of York had a policy, practice and/or custom based on race that ultimately led to violations of Plaintiff's Fourth and Fourteenth Amendment rights. (Doc. 1, pp. 14-16).

Plaintiff attached to his Complaint, a copy of the York County Court Criminal Docket regarding his criminal prosecution in *Com. of PA v. Milburn*, CP-67-CR-0000165-2009.

3

In response to Plaintiff's Complaint, on April 2, 2012, Defendants jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 20). On June 11, 2012, Plaintiff filed a Motion for Default Judgment. (Doc. 35). Both motions were briefed by the parties.

On July 24, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 20) be denied. We also recommended that Plaintiff's Motion for Default Judgment (Doc. 35) be denied. We further recommended that this case be remanded to the undersigned for further proceedings, including directing Defendants to file their Answer to Plaintiff's Complaint. (Doc. 40). On August 21, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 47).

On September 7, 2012, Plaintiff filed his first Motion for Appointment of Counsel. (Doc. 49).

On September 10, 2012, Defendants jointly filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (Doc. 50). On September 11, 2012, we issued an Order and denied Plaintiff's first Motion for Appointment of Counsel. (Doc. 52). On September 12, 2012, we issued a Scheduling Order and set the discovery deadline as November 13, 2012, and the dispostive motions deadline as January 14, 2013. (Doc. 53).

On September 18, 2012, Plaintiff filed his first Motion for leave of Court to file an Amended Complaint and to have the Amended Complaint relate back to the date of the original Complaint. (Doc. 55). Plaintiff attached his proposed Amended Complaint with its Exhibits to his motion and he filed a support brief. (Docs. 55-1, 55-2 & 56). On October 2, 2012, Defendants filed their opposition brief to Plaintiff's motion. (Doc. 59). On October 22,

2012, we issued a Memorandum and Order and denied Plaintiff's Doc. 55 motion. (Doc. 65).

On October 5, 2012, Plaintiff filed a Motion to Compel Defendants to produce documents. (Doc. 60). Plaintiff's motion was briefed by the parties and the parties submitted Exhibits. (Docs. 61, 62 & 66).

On November 5, 2012, Plaintiff filed a second Motion to Appoint Counsel. (Doc. 70).

On November 7, 2012, we denied Plaintiff's second (Document 70) Motion to Appoint Counsel. (Doc. 71).

On November 13, 2012, Plaintiff filed a 6-paragraph Motion for a 60-day Extension of the Discovery Deadline, *i.e.,* to January 12, 2013, with an attached Exhibit. (Doc. 72).

On November 15, 2012, Plaintiff filed a second Motion to Compel this time to compel Defendants to answer his First Set of Interrogatories which he mailed to Defendants on September 20, 2012. (Doc. 74). Plaintiff also requests the court to award him reasonable costs regarding his Doc. 74 Motion. Plaintiff did not support his request for costs with any documentation as to his costs. Plaintiff filed a brief in support of his Doc. 74 Motion and he submitted Exhibits, including a copy of his First Set of Interrogatories, proof of service and a copy of his October 29, 2012 letter to Defendants' counsel requesting Defendants' responses to his First Set of Interrogatories or stating that he would file a motion to compel. (Docs. 75 & 76).

On November 16, 2012, we issued a Memorandum and Order and directed as follows:

1. Plaintiff's Motion to Compel **(Doc. 60)** is **DENIED**.

2. Plaintiff's Motion for an Extension of the Discovery Deadline (**Doc. 72)** is

**GRANTED** and the parties are afforded a 60-day extension to **January 12, 2013.**

3. The Court also extends the dispositive motion deadline from January 14, 2013 to **March 14, 2013.**

(Doc. 78).

Also, Defendants failed to file their opposition brief to Plaintiff's Doc. 74 Motion to Compel and the time to file their brief has expired. Nor did Defendants request an extension of time to file their opposition brief. Moreover, we found that Plaintiff was entitled to responses to his First Set of Interrogatories. Thus, on December 10, 2012, we issued an Order and granted Plaintiff's unopposed Doc. 74 Motion to Compel Defendants to respond to his First Set of Interrogatories. (Doc. 82).

On December 10, 2012, Defendants filed a Motion for Leave to Depose inmate Gregory Hall who is currently confined at SCI-Dallas pursuant to Fed.R.Civ.P. 30(a)(2)(B). (Doc. 81). On December 11, 2012, we issued an Order and granted Defendants' Motion for Leave to Depose inmate Gregory Hall (Doc. 81 On December 20 and 26, 2012, Plaintiff filed Motions to Compel. (Docs. 86 & 88). Plaintiff filed his support briefs when he filed his Motions. (Docs. 87 & 89). Plaintiff attached an Exhibit A to his Doc. 87 support brief, and he attached two Exhibits, Exs. A & B, to his Doc. 88 Motion. Defendants filed their opposition briefs, each with an attached Exhibit A, on January 9 and January 14, 2013. (Docs. 93 & 96). Plaintiff filed a reply brief with respect to only his Doc. 86 Motion to Compel with attached Exhibits, A-C. (Doc. 98). ), pursuant to Fed.R.Civ.P. 30(a). (Doc. 84).

On February 19, 2013, we issued an Order regarding Plaintiff's Docs. 86 & 88 Motions to Compel, Doc. 100, and directed as follows:

1. Plaintiff's **Document 88** Motion to Compel is **DENIED AS MOOT**.

2. Plaintiff's **Document 86** Motion to Compel is **DENIED, IN PART, AND GRANTED, IN PART.**

3. Plaintiff's **Document 86** Motion to Compel is **DENIED** with respect to Plaintiff's Second Document Requests Nos. 2 and 3.

4. Plaintiff's **Document 86** Motion to Compel is **GRANTED** with respect to Plaintiff's Second Document Request No. 1. Defendants are directed to provide Plaintiff with copies of all internal complaints filed against the three individual Defendants based on racial discrimination and/or racial profiling limited to the time period of August 28, 2000, through October 29, 2008.

5. Plaintiff's **Document 86** Motion to Compel is **GRANTED** with respect to Plaintiff's Second Document Request No. 4. Defendants are directed to provide Plaintiff with copies of all civil rights complaints filed in court against Defendant City of York alleging claims under *Monell* based on the failure to train and supervise its police officers and, based on deliberate indifference to its policies and customs limited to the time period of August 28, 2000, through October 29, 2008.

6. Defendants are directed to send Plaintiff the documents, if any, responsive to his Second Document Requests Nos. 1 and 4 as directed in Paragraphs 4 and 5 of this Order, **within fifteen (15) days of the date of this Order.**

7

On February 28, 2013, Plaintiff filed a Motion to Compel Defendants' full and complete Responses to certain numbers of his First Set of Interrogatories. **(Doc. 101).** Specifically, Plaintiff seeks as follows: Defendant City of York to fully answer his Interrogatories numbers 2, 8, 13, 14 and 15; for Defendant Hose to fully answer his Interrogatories numbers 7 and 12; for Defendant Peddicord to fully answer his Interrogatories numbers 6, 10 and 20; and Defendant Spence to fully answer his Interrogatories numbers 5 and 8. Plaintiff filed his support brief when he filed his Doc. 101 Motion and then filed an Exhibit, *i.e.*, copy of Plaintiff's letter to Defendants' counsel to try and resolve some of Defendants' responses to his Interrogatories. (Docs. 102 & 103). On March 7, 2013, Defendants filed their opposition brief to Plaintiff's Doc. 101 Motion to Compel, with attached Exhibits A-C. (Doc. 108). On March 21, 2013, Plaintiff filed his reply brief with respect to only his Doc. 101 Motion to Compel. (Doc. 119).

On March 7, 2013, Plaintiff filed a Motion to Compel Defendants to answer his First Set of Requests for Admission. **(Doc. 106)**. Plaintiff filed his support brief when he filed his Motion. (Doc. 107). Plaintiff attached Exhibits to his brief, namely, copies of Plaintiff's Requests for Admission to Defendants and Defendants' responses thereto. On March 20, 2013, Defendants filed their opposition brief to Plaintiff's Doc. 106 Motion to Compel. (Doc. 118).

On March 11, 2013, Plaintiff filed a second Motion for Leave to Amend his Complaint with a proposed Amended Complaint attached. Plaintiff seeks to add two new claims, namely, Counts IV and V, to his original Complaint, which raise constitutional claims under §1983. **(Docs. 110 & 110-1).** Plaintiff filed his support brief on the same day. (Doc. 111).

8

Defendants' opposition brief was filed on March 25, 2013. (Doc. 121). We will address Plaintiff's Doc. 110 second Motion for Leave to Amend his Complaint by a separate Memorandum and Order when it becomes ripe.

On March 14, 2013, we issued an Order and granted Defendants' Motion for Extension of Deadlines, and we directed as follows:

> 1. All fact discovery must be completed on or before May 15, 2013; and
>
> 2. All dispositive motions and supporting briefs must be filed on or before June 15, 2013.

(Doc. 116).

We now consider Plaintiff's **Docs. 101 & 106** Motions to Compel.

## II. DISCUSSION.

Plaintiff's Docs. 101 and 106 Motions to Compel are filed under Rule 37(a). The Court stated as follows in *Korescko v. Bleiweis*, 2004 WL 2005785, * 1 (E.D. Pa.):

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).
>
> Federal Rule 33 requires a party served with interrogatories to respond to each within 30 days after they were served. Rule 33(b)(1) and (3). The party serving the interrogatories may move under Rule 37(a) to compel an answer to an interrogatory to which the receiving party has objected or which it has otherwise failed to answer. Rule 33(b)(5).
>
> Similarly, Federal Rule 34 requires that a party served with a document request either produce the requested documents or else state a specific objection for each item or category objected

to. Here, again, if the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed.R.Civ.P. 34(b), 37(a)(1)(B).

In *Paluch v. Dawson*, 2007 WL 4375937, * 2 (M.D. Pa.), the Court stated:

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D. Pa.1982).

In his Doc. 101 Motion to Compel, Plaintiff seeks Defendants' full and complete Responses to certain numbers of his First Set of Interrogatories. As stated, Plaintiff seeks as follows: Defendant City of York to fully answer his Interrogatories numbers 2, 8, 13, 14 and 15; for Defendant Hose to fully answer his Interrogatories numbers 7 and 12; for Defendant Peddicord to fully answer his Interrogatories numbers 6, 10 and 20; and Defendant Spence to fully answer his Interrogatories numbers 5 and 8. Initially, as Defendants point out (Doc. 108, p. 3), Plaintiff failed to confer with their counsel regarding City of York's response to his Interrogatory number 2, Hose's response to number 7, Peddicord's response to number 6, and Spence's response to number 5. Plaintiff 's Ex. B attached to his Doc. 102 brief supports Defendants' contention. Plaintiff was well aware of his requirement to confer with Defendants' counsel on all discovery disputes. Plaintiff is again reminded of his obligation to confer with Defendants' counsel regarding any discovery disputes. Plaintiff once again directed to indicate that he attempted to confer with Defendants' counsel to try and resolve his discovery disputes

before he files his Motions to Compel, as required by Local Rule 26.3, M.D. Pa.[1]

We now consider Plaintiff's Doc. 101 Motion as it pertains to the disputed Interrogatory responses of Defendants. We do not repeat herein Plaintiff's Interrogatories and Defendants' responses at issue since they are contained in the briefs and Exhibits of the parties.

We find that Defendant City of York has fully answered Plaintiff's Interrogatory number 2. (Doc. 108-2). We find that Defendant City of York has fully answered Plaintiff's Interrogatory numbers 13, 14, and 15. (Docs. 108-1 & 108-2).

We find that Defendant Hose has fully answered Plaintiff's Interrogatory numbers 7 and 12. (Doc. 108-1).

We find that Defendant Peddicord has fully answered Plaintiff's Interrogatory numbers 6, 10 and 20. (Doc. 108-1).

We find that Defendant Spence has fully answered Plaintiff's Interrogatory numbers 5, and 8. (Doc. 108-1).

Further, Defendants have provided proof that Plaintiff was sent a verification for Defendant City's responses. (Doc. 108-3).

Thus, we shall deny Plaintiff's Doc. 101 Motion to Compel in its entirety.

Next, we consider Plaintiff's Doc. 106 Motion to Compel Defendants to fully answer his First Set of Requests for Admission. Again, we do not repeat herein Plaintiff's Requests for Admission and Defendants' responses at issue since they are contained in the briefs and Exhibits

---

[1] The Court notes that Plaintiff was provided a copy of the pertinent Local Rules of this Court in the present case. (Doc. 4).

of the parties.

In his January 8, 2013, letter to Defendants' counsel seeking to resolve his discovery disputes, Plaintiff sought as follows: Defendant City of York to fully answer his Requests for Admission numbers 8, 9, and 10; for Defendant Hose to fully answer his Requests for Admission numbers 8 and 9; for Defendant Peddicord to fully answer his Requests for Admission numbers 11 and 13; and Defendant Spence to fully answer his Requests for Admission number 1. (Doc. 107, Ex. A). However, in his Doc. 106 Motion, Plaintiff now seeks full responses to all his Requests for Admission to Defendants City and Hose as well as Peddicord to fully answer his Requests for Admission numbers 11 and 13, and Defendant Spence to fully answer his Requests for Admission number 1. Also, Plaintiff states that Defendants did not provide him with correct verifications regarding their responses to his Requests for Admission. Defendants state that their counsel will provide Plaintiff with correct verifications within 14 days of the date of their Doc. 118 brief. (Doc. 118, p. 4). Thus, we find that the issue regarding Defendants' verifications is moot. Therefore, we will only consider Plaintiff's Doc. 106 Motion with respect to the following: Defendant City of York to fully answer his Requests for Admission numbers 8, 9, and 10; for Defendant Hose to fully answer his Requests for Admission numbers 8 and 9; for Defendant Peddicord to fully answer his Requests for Admission numbers 11 and 13; and Defendant Spence to fully answer his Requests for Admission number 1.

In *Lombardi v. Pugh*, 2009 WL 1619952, *1-*2 (M.D. Pa. 6-9-09), the Court stated the standard of review with respect to Rule 36(a). The *Lombardi* Court stated:

Federal Rule of Civil Procedure 36(a) addresses requests for admissions and provides in pertinent part:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents....
>
> Each matter must be separately stated....
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny....
>
> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.
>
> Fed. R Civ. P. 36(a) "Regardless of the subject matter of the Rule 36 request, the statement of fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967-68 (3d Cir.1988) (citing *Havenfield Corp. v. H & R Block, Inc.,*, 67 F.R.D. 93, 96 (W.D.Mo.1973)). "[W]hen good faith requires that a party deny only a part or qualify certain matter of which an admission is requested, such qualification or part denial must be clear." *Havenfield*, 67 F.R.D. at 97.

*Id.*

The *Lombardi* Court stated, "Federal Rule of Civil Procedure 36(a)(4) states that an answering party may assert a lack of knowledge as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry." 2009 WL 1619952, *3.

13

In his instant Doc. 106 Motion, Plaintiff states that he has not received sufficient responses from Defendants to his stated Requests for Admissions, and he seeks the Court to direct Defendants to amend their responses or to deem his requests admitted by Defendants. Defendants state that they properly responded to and objected to all of Plaintiff's Requests for Admissions except for Request No. 8 addressed to Defendant Hose. (Doc. 118, p. 4). As indicated, Plaintiff has attached a copy of Defendants' relevant Responses and Objections to his Requests for Admission to his brief. (Doc. 107, Exs. B & C).

Defendants state that Plaintiff's Requests for Admissions Nos. 8, 9 and 10 to Defendant City were properly responded to and that Plaintiff's Doc. 106 Motion should be denied as moot regarding these Requests. (Doc. 118, p. 5). We have reviewed these Requests and the responses and, we agree with Defendants.

Defendants state that Plaintiff's Requests for Admission No. 9 to Defendant Hose was properly responded to and that Plaintiff's Doc. 106 Motion should be denied as moot regarding this Request. (Doc. 118, p. 5). We have reviewed this Request and the response, and we agree with Defendants. Defendants state that a response is still required as to Plaintiff's Requests for Admission No. 8 to Defendant Hose. As such, we will direct Defendant Hose to respond to Plaintiff's Requests for Admission No. 8 within ten days of the date of this Order.

Defendants state that Plaintiff's Requests for Admission No. 1 to Defendant Spence was properly responded to and that Plaintiff's Doc. 106 Motion should be denied as moot regarding this Request. (Doc. 118, p. 5). Plaintiff's Requests for Admission No. 1 to Defendant Spence asked Defendant to admit that he investigated the 2004 death of Bart Rourbaugh, and

Defendants objected to this Request as not relevant. We find Defendants' objection to Request No. 1 to Spence to be proper and shall deny Plaintiff's Doc. 106 Motion regarding this Request.

Thus, we shall deny, in part, and grant in part, Plaintiff's Doc. 106 Motion to Compel.

## III. CONCLUSION.

Therefore, we will deny Plaintiff's **Document 101** Motion to Compel in its entirety. We will grant, in part, and deny, in part, Plaintiff's **Document 106** Motion to Compel.

An appropriate Order will be issued.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: March 28, 2013