# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE MILBURN, | : | CIVIL ACTION NO. **1: 12-CV-0121** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| CITY OF YORK, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

**I. BACKGROUND.**

On January 23, 2012, *pro se* Plaintiff Donte Milburn, an inmate at SCI-Somerset, Somerset, PA, filed this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.). On this same date, he also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On January 30, 2012, he filed a second Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). On January 31, 2012, we granted Plaintiff's Motions for Leave to Proceed *in forma pauperis*. We also directed the Clerk of Court to issue process to the U.S. Marshal for service of Plaintiff's Complaint on Defendants. (Doc. 9). Defendants, City of York, Michael Hose, Richard Peddicord, and Jeffrey Spence, were then served with Plaintiff's Complaint.

In response to Plaintiff's Complaint, on April 2, 2012, Defendants jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 20). On June 11, 2012, Plaintiff filed a Motion for Default Judgment. (Doc. 35). Both motions were briefed by the parties.

On July 24, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 20) be denied. We also

recommended that Plaintiff's Motion for Default Judgment (Doc. 35) be denied. We further recommended that this case be remanded to the undersigned for further proceedings, including directing Defendants to file their Answer to Plaintiff's Complaint. (Doc. 40). On August 21, 2012, the Court adopted our Report and Recommendation in its entirety. (Doc. 47).

On September 7, 2012, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 49). On September 10, 2012, Defendants jointly filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (Doc. 50). On September 11, 2012, we issued an Order and denied Plaintiff's Motion for Appointment of Counsel. (Doc. 52). On September 12, 2012, we issued a Scheduling Order and set the discovery deadline as November 13, 2012, and the dispositive motions deadline as January 14, 2013. (Doc. 53).

On September 18, 2012, Plaintiff filed a Motion for leave of Court to file an Amended Complaint and to have the Amended Complaint relate back to the date of the original Complaint. (Doc. 55). Plaintiff attached his proposed Amended Complaint with its Exhibits to his motion and he filed a support brief. (Docs. 55-1, 55-2 & 56). On October 2, 2012, Defendants filed their opposition brief to Plaintiff's motion. (Doc. 59). On October 22, 2012, we issued a Memorandum and Order and denied Plaintiff's Doc. 55 motion. (Doc. 65).

On May 13, 2013, Plaintiff filed a Motion Regarding the Sufficiency of an Answer or Objection to Plaintiff's First Set of Request for Admissions. (**Doc. 139**). Plaintiff asks the Court to compel further clarification with respect to only Defendant Hose's responses to Plaintiff's First Set of Request for Admissions. (Doc. 139, p. 2). Plaintiff also requests the Court to impose sanctions against Defendants under Rule 37(c)(1)(2), and to order Defendants to pay him his

unspecified reasonable expenses and "attorney fees" despite the fact that Plaintiff is proceeding *pro se*. Plaintiff's motion was briefed by the parties (Plaintiff filed a Reply Brief as well on June 5, 2013) and the parties submitted Exhibits. (Docs. 139, 140, 145, 146). Plaintiff attached his Request for Admissions Defendant to Defendant Hose and Hose's Responses thereto to his Brief (Doc. 140, Exs. A & B) and, Hose's Interrogatory Responses 1 though 12 and a news article regarding his criminal trial to his Reply Brief (Doc. 146, Ex. A and B). Defendants attached to their Opposition Brief (Doc. 145) Plaintiff's complete First Set of Request for Admissions to all Defendants as well as the Answers of all Defendants to Plaintiff's First Request for Admissions. (Doc. 145-1, 145-2). Plaintiff re-filed his Reply Brief on June 10, 2013 with the same exhibits as his June 5 Reply Brief (Doc. 146) and a letter to the undersigned saying that Plaintiff filed his Reply Brief again to make sure his Reply Brief was filed on time with the Court. (Doc. 149, p. 10). Plaintiff Milburn was unsure whether his Reply Brief had been filed with the Court. (*Id.*). As stated, Plaintiff's Reply Brief had been filed on June 5, 2013. (Doc. 146).

Plaintiff's Motion to Compel (Doc. 139) is now ripe for disposition.[1]

## II. ALLEGATIONS OF COMPLAINT.

In his Complaint, Plaintiff alleges that on or about August 28, 2006, at some time between 11:00 p.m. and 12:01 a.m., Juan Laboy died from gunshot wounds to his chest, and Defendants City of York police officers arrested Plaintiff in connection with Juan Laboy's death.

---

[1] The Court notes that on June 7, 2013, Plaintiff filed another Motion to Compel which has not yet been fully briefed. Plaintiff is forewarned that he must attempt to confer with Defendants' counsel to try and resolve his discovery disputes before he files a Motion to Compel, as required by Fed.R.Civ.P. 37(a)(1) and Local Rule 26.3, M.D. Pa.

(Doc. 1, p. 5). Plaintiff claims that his Fourth, Fifth and Fourteenth Amendment rights were violated because Defendants' racial bias caused an intentional and malicious incomplete investigation resulting in falsified, uncorroborated and incomplete evidence and testimony against Plaintiff that ultimately led to his arrest. (Doc. 1, pp. 5-8).

The specific charges filed against Plaintiff included Criminal Homicide in the First and Second Degree under 18 Pa. C.S. § 2501(A) and (B), Robbery - Inflicting Serious Bodily Injury under 18 Pa. C.S. §3701(A)(1)(I), and 2 counts of Criminal Conspiracy under 18 Pa. C.S. § 903 (A)(1) for each other charge. (Doc. 1, p. 8). On January 11, 2010, Plaintiff was brought in front of a jury on these charges; however, the York County District Attorney halted the trial, and York County Court of Common Pleas Judge Kennedy dismissed the charges against Plaintiff due to the inadequate evidence presented. (Doc. 1, p. 9). Plaintiff claims that as a result of Defendants' action, he suffered discomfort, damage to his health, loss of time and deprivation of society due to the time he spent in prison, stress, worry, lack of sleep, loss of enjoyment of life, humiliation, harassment, and ridicule.

The specific Counts Plaintiff alleges in his Complaint against Defendants Hose, Peddicord, and Spence include Malicious Prosecution, and in the alternative, Malicious Abuse of Process. The specific Counts Plaintiff alleges against Defendant City of York include Failure to Train and Supervise and, Deliberate Indifference in Policy and Customs. Plaintiff alleges Malicious Prosecution on the part of Defendants Hose, Peddicord and Spence because they knew or should have known that they lacked probable cause to arrest Plaintiff and because they acted with malicious intent based on racial bias in prosecuting Plaintiff, both of which resulted

in Plaintiff being incarcerated and, thus deprived Plaintiff of his liberty. Therefore, Plaintiff is alleging violations of his Fourth Amendment rights because he was arrested without probable cause, and violations of his Fourteenth Amendment rights to liberty and equal protection of the law because he was incarcerated on Defendants' arrest based on racial discrimination and an arrest lacking probable cause. (Doc. 1, pp. 11-12). In addition to Malicious Prosecution, Plaintiff raises a claim of Malicious Abuse of Process, alleging that even if probable cause existed to initiate his arrest, Defendants Hose, Peddicord and Spence acted maliciously with racial bias by continuing the investigation and/or prosecution even after they discovered the witnesses lacked credibility and provided false statements to the officers. (Doc. 1, p. 12). Therefore, Plaintiff, with respect to his malicious prosecution claim, is alleging his Fourteenth Amendment right to equal protection of the law was violated because Defendants continued the prosecution of him even after discovering the witnesses lacked credibility and provided false statements.

Plaintiff also raises, under *Monell v. Dept. of Soc. Servs., NYC*, 436 U.S. 658, 694 (1978), a claim of Failure to Train and Supervise on the part of Defendant City of York, alleging that the City of York acted with deliberate indifference in failing to properly train and supervise its officer to prevent the "practice of substituting racial, economic or cultural bias for evidence as grounds for suspicion." (Doc. 1, p. 14). Plaintiff claims that Defendant City of York's deliberate indifference to properly training and supervising its officers was a direct and proximate cause of Plaintiff's injuries and violations of his constitutional rights. (*Id.*).

Lastly, also under Count II, Plaintiff alleges, under *Monell*, that Defendant City of York had a policy, practice and/or custom based on race that ultimately led to violations of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights. (Doc. 1, pp. 14-16).

III. DISCUSSION.

A. *PLAINTIFF'S MOTION TO COMPEL (DOC. 139)*

Plaintiff's motion (Doc. 139) is filed under Rule 37(a). Plaintiff seeks a Court Order deeming that Defendant Hose admitted Nos. 1-6 of Plaintiff's First Set of Request for Admissions. (Doc. 145-1). Defendant Hose answered Nos. 1 and 2 with an identical answer (Doc 145-2) and Defendant Hose answered Nos. 3, 4, 5, and 6 identically as well. (*Id.*) Defendant Hose's answers state that the Plaintiff's trial transcript (1-11-10) and the Grand Jury transcript (7-30-08) are documents that speak for themself so Defendant denies the statements Plaintiff requests Hose to admit without context. (*Id.*). Plaintiff states that if the transcripts are writings that speak for themself, then Defendant Hose should admit to the statements he made while testifying before the Grand Jury and at trial regardless of context. (Doc. 140, p. 2). Plaintiff claims that the records of Hose's Grand Jury testimony and Hose's trial testimony prove that Defendant Hose made the statements alleged in his Requests. (*Id.*). Plaintiff therefore believes Defendant Hose's responses are dishonest and insufficient. (*Id.*). Plaintiff asks the Court to Order that Defendant Hose be deemed as admitting Nos. 1 though 6 of Plaintiff's First Set of Request for Admissions. (Doc. 140, p. 3) Plaintiff also seeks the Court to award him his costs

related to his motion and attorney fees. (Doc. 139, p. 3).[2]

Initially, we find that Plaintiff failed to indicate that he attempted to confer with Defendants' counsel to try and resolve his discovery disputes before he filed his Motion, as required by Fed.R.Civ.P. 37(a)(1) and Local Rule 26.3, M.D. Pa.[3]

Plaintiff's Motion to Compel is filed under Rule 37(a). The Court stated as follows in *Korescko v. Bleiweis*, 2004 WL 2005785, * 1 (E.D. Pa.):

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

In *Brown v. James*, 2009 WL 743321, *3 (M.D. Pa.), the Court stated:

> Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D.Pa.1992) (citations omitted). Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90-1731, 1991 WL 21655, at *2 (E.D.Pa. Feb.15, 1991); *see generally* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § § 2007-2013 (2d Ed.1990).

---

[2]Plaintiff failed to submit any documentation as to his expenses. We note that Plaintiff's present Motion and Brief (Docs. 139 and 140) are a total of only 6 handwritten pages (excluding attached exhibits). Plaintiff's Reply Brief is 5 handwritten pages. Also, as stated above, Plaintiff seeks attorney fees despite the fact that he is proceeding *pro se*. Regardless, we shall deny Plaintiff's Doc. 139 Motion and thus, shall not award Plaintiff any costs.

[3]The Court notes that Plaintiff was provided a copy of the pertinent Local Rules of this Court in the present case. (Doc. 4).

However, the burden is on objecting parties to demonstrate in specific terms why a discovery request is improper. *Hicks,* 168 F.R.D. at 529; *Goodman v. Wagner,* 553 F.Supp. 255, 258 (E.D.Pa.1982). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance ... or else are of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure ...." *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Furthermore, federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." *Inmates of Unit 14 v. Rebideau,* 102 F.R.D. 122, 128 (N.D.N.Y.1984).

In *Lombardi v. Pugh,* 2009 WL 1619952, *1-*2 (M.D. Pa. 6-9-09), the Court stated the standard of review with respect to Rule 36(a). The *Lombardi* Court stated:

Federal Rule of Civil Procedure 36(a) addresses requests for admissions and provides in pertinent part:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents....
>
> Each matter must be separately stated....
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny....
>
> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

> Fed. R Civ. P. 36(a) "Regardless of the subject matter of the Rule 36 request, the statement of fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *United Coal Companies v. Powell Const. Co.,* 839 F.2d 958, 967-68 (3d Cir.1988) (citing *Havenfield Corp. v. H & R Block, Inc.,*, 67 F.R.D. 93, 96 (W.D.Mo.1973)). "[W]hen good faith requires that a party deny only a part or qualify certain matter of which an admission is requested, such qualification or part denial must be clear." *Havenfield,* 67
>
> F.R.D. at 97.

*Id.*

As stated, Plaintiff contends that Defendant Hoe failed to adequately respond to Nos. 1 through 6 of Plaintiff's Request for Admissions. (Doc. 139). Defendant Hose states that his responses are indeed accurate and adequate because Plaintiff's "averments convey unwarranted and unfair inferences placed out of the context of the complete answer and the question asked." (Doc. 145, p. 6). In his Reply Brief, Plaintiff states that Defendant Hose lied when Hose repeatedly stated that "the gun shot residue and blood swabs" would fail to yield new information at the time. (Doc. 146, p. 3). Plaintiff goes on to state that additional context would not change what he believes to be an obvious conclusion that the City of York and its police department acted improperly. (Doc. 146, p. 4).

We have reviewed Plaintiff 's Requets Nos. 1-6 and Defendant Hose's responses to them. We do not repeat them herein since the parties have submitted them as Exhibits. We agree with Defendant Hose insofar as he made a clear but qualified denial that directed the Plaintiff to the respective transcripts and the proper context in which he testified therein. (Doc. 145, p. 6). We find that Defendant Hose offered adequate responses to Plaintiff 's Requests and that Plaintiff may use the transcripts in question if this case proceeds to trial.

Therefore, we will deny Plaintiff's Motion to Compel. **(Doc. 139)**.

IV. **CONCLUSION.**

Accordingly, the Court will deny Plaintiff's Motion to Compel **(Doc. 139)**.

An appropriate Order will be issued.

_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: June    , 2013**